USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/26/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ALEJANDRO RIVERA, *individually and on behalf of all others similarly situated, et al.*,

                Plaintiffs,

    -v-

RELAY DELIVERY, INC., *et al.*,

                Defendants.
---------------------------------------------------------------X

**ORDER**

17-CV-5012 (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

      The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) for all purposes (Dkt. No. 37) and have now submitted a joint letter motion for settlement approval (Dkt. No. 54) along with their proposed settlement agreement (Dkt. No. 54-1) for my review and approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, plaintiffs in this case have expressed serious concerns about collectability and have agreed to a payment schedule, which "militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed

1

recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint letter motion and the proposed settlement agreement, and having participated in a lengthy conference that led to the settlement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), <u>except for the so-called mutual releases</u>.  While the parties' settlement agreement includes a section denominated "mutual releases," it is followed by a lengthy section (a page-and-a-half of single-spaced type) describing the general release given by plaintiffs (section 5A), and then a one-sentence general release given by defendants (section 5B).   These releases are impermissible in their current form.  While the Court has previously approved mutual releases, *see Souza*, 2015 WL 7271747, at *5 ("[T]he Court is willing to approve the release terms of the settlement in this case, with the modification that the release be *mutual* in all respects. A mutual release will ensure that both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes"), the releases in the settlement agreement in this case are not truly mutual.

The general release by Defendants provides that they "agree to, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Plaintiffs from all actions, causes of action, suits, claims and demands of any kind whatsoever, at law or in equity which they had,

2

now have or hereafter can, shall or may have against Plaintiffs." The general release by Plaintiffs, on the other hand, releases "Defendants, Defendants' subsidiaries (including but not limited to any grandchild entities, great grandchild entities, and so on), parents (including but not limited to any grandparent entities, great grandparent entities, and so on), affiliates, successors, related entities, assigns, heirs, executors, trustees, administrators, and attorneys, and all of their present and former directors, officers, partners, shareholders, members, employees, representatives, agents, attorneys, owners, and insurers." Thus, the agreement releases claims plaintiffs may have against a broad array of persons and entities other than the named Defendants, including Defendants' former and present employees, members, and shareholders, yet it is only the named defendants who release their claims against plaintiffs. As other courts have found in evaluating similar release language, it "could be applied to an absurd effect[.]" *Lopez v. Poko St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (rejecting an agreement that released a "long list" of entities and persons related to defendants from "every imaginable claim"). For example, taken literally, the release language here expressly prohibits plaintiffs "from commencing an action against one of defendants' former employees for an assault. Such a result is absurd and contrary to the FLSA's remedial purpose." *Chowdhury v. Brioni AM., Inc.*, No. 16-CV-344 (HBP), 2017 WL 5125535, at *2 (S.D.N.Y. Nov. 1, 2017). Judicial distaste for overbroad releases has been especially pronounced where "the releases were not mutual and protected only the defendants." *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP,* 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016).

Accordingly, the parties' application to approve the Settlement Agreement is denied without prejudice to renewal. By **May 10, 2018**, the parties are to provide a revised settlement agreement that eliminates the foregoing issues or otherwise advise the Court as to whether they intend to proceed with the litigation.[1]

Assuming the parties revise their agreement, they are also directed to submit a stipulation of dismissal with prejudice and file it on the docket **by May 10, 2018**.

The Clerk is respectfully directed to mark Docket Number 54 as closed.

**SO ORDERED.**

Dated:  New York, New York
        April 26, 2018

_____
JAMES L. COTT
United States Magistrate Judge

---

[1] The Court notes that there is no severability clause that might otherwise salvage the current Settlement Agreement.